IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FRANK WATTS, II                                                                                PETITIONER

VS.                              No. 5:11CV00128 JMM/HDY

LARRY NORRIS, Director,
Arkansas Department of Correction                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

    1.       Why the record made before the Magistrate Judge is inadequate.

    2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Frank Watts II, an inmate in the custody of the Arkansas Department of Correction (ADC), filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Watts was found guilty following a December 1998 jury trial of one count of possession of a controlled substance with intent to deliver, one count of possession of drug paraphernalia, and one count of maintaining drug premises. He was also deemed to be an habitual offender. An aggregate term of life imprisonment was imposed. Petitioner did not file a timely notice of appeal. The Arkansas Supreme Court denied Mr. Watts' motion for a belated appeal. *Watts II v. State*, 2000 WL 1448603 (September 28, 2000). In October of 2000 Mr. Watts sought Rule 37 relief. The trial court denied relief, and the Arkansas Supreme Court dismissed the appeal because the Rule 37 petition was not

timely filed. *Watts II v. State*, 2001 WL 729312 (June 21, 2001). In October of 2001, the petitioner challenged his convictions in this Court by filing and prosecuting to conclusion a federal petition for writ of habeas corpus. *Watts II v. Norris*, Case No. 5:01CV00358. This Court denied relief and judgment was entered against the petitioner on July 19, 2002. The Eighth Circuit Court of Appeals dismissed Mr. Watts' appeal on January 30, 2004. The United States Supreme Court denied his petition for writ of certiorari. In 2007, the petitioner unsuccessfully sought state habeas corpus relief. The petition now before the Court was filed on May 20, 2011.

The respondent moves to dismiss the current petition for failing to receive permission from the Eighth Circuit Court of Appeals to file this successive petition.

28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The statutory language is clear that permission must be received before the filing of the successive petition with the district court. As a result, we recommend that the petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial  of a denial of a constitutional right. Thus, we

recommend the certificate of appealability be denied.

IT IS SO ORDERED this  18   day of July, 2011.

_____
UNITED STATES MAGISTRATE JUDGE